UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

PATRICIA DADOSKY,

    **Plaintiff,**

  v.         **Civil Action 2:22-cv-2503**
                            **Chief Judge Algenon L. Marbley**
                            **Magistrate Judge Chelsey M. Vascura**

MID-AMERICA CONVERSION
SERVICES, LLC, *et al.*,

    **Defendants.**

## OPINION AND ORDER

      Plaintiff, Patricia Dadosky, brings this action for employment discrimination on the basis of religion under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, against Defendants CRC Technologies, Inc., and Mid-America Conversion Services, LLC. This matter is before the Court on Plaintiff's Motion for Leave to File Second Amended Complaint. (ECF No. 33.) For the reasons that follow, Plaintiff's Motion is **GRANTED**.

      Under Federal Rule of Civil Procedure 15(a)(2), the Court should "freely give leave" for a party to amend its pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2). "The thrust of Rule 15 is to reinforce the principle that cases should be tried on their merits rather than the technicalities of pleadings." *Teft v. Seward*, 689 F.2d 637, 639 (6th Cir. 1982) (citations omitted); *Oleson v. United States*, 27 F. App'x 566, 569 (6th Cir. 2001) (cleaned up) (noting that courts interpret the language in Rule 15(a) as conveying "a liberal policy of permitting amendments to ensure the determination of claims on their merits"). "Nevertheless, leave to amend 'should be denied if the amendment is brought in bad faith, for dilatory purposes, results

in undue delay or prejudice to the opposing party, or would be futile.'" *Carson v. U.S. Office of Special Counsel*, 633 F.3d 487, 495 (6th Cir. 2011) (quoting *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995)). A court may deny a motion for leave to amend for futility if the amendment could not withstand a motion to dismiss. *Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010); *Midkiff v. Adams Cnty. Reg'l Water Dist.*, 409 F.3d 758, 767 (6th Cir. 2005).

Here, Plaintiff seeks to amend her First Amended Complaint to add a state law claim for religious discrimination against both Defendants. (Pl.'s Mot. 1, ECF No. 33.) CRC opposes the motion on grounds that Plaintiff's request to amend more than a year after the original Complaint was filed reflects undue delay, that Plaintiff has repeatedly failed to cure her pleading deficiencies by amendments previously allowed, and that Plaintiff's proposed Second Amended Complaint does nothing to remedy the defects in her existing Title VII claims, which are the subject of CRC's pending Motion to Dismiss (ECF No. 24). (CRC's Opp'n, ECF No. 34.) Mid-America also opposes the motion on grounds that Plaintiff's proposed amendments are futile. (Mid-America's Opp'n, ECF No. 35.)

As to CRC's first objection, CRC is correct that undue delay is grounds for denying amendment under Rule 15(a). However, the undersigned does not find that Plaintiff's delay in amending her Complaint is undue given the early stage of this case. In fact, the parties jointly filed a Rule 26(f) report on February 7, 2023, in which all parties agreed to a deadline of May 16, 2023, for motions to amend the pleadings. (ECF No. 31.) The Court adopted that deadline (ECF No. 32), and Plaintiff's Motion for Leave to File Second Amended Complaint was timely filed on that deadline. (ECF No. 33.) Thus, Plaintiff sought leave to amend within the timeframe previously agreed to by CRC.

CRC also contends that amendment should be denied because Plaintiff has repeatedly failed to cure deficiencies in her pleadings by amendments previously allowed. *See Pittman v. Experian Information Solutions, Inc.*, 901 F.3d 619, 640–41 (6th Cir. 2018) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). But Plaintiff has previously amended her Complaint only once, and that amendment was made as a matter of course under Federal Rule of Civil Procedure 15(a)(1) within 21 days of the filing of CRC's Motion to Dismiss Plaintiff's original Complaint. Moreover, there has been no finding by the Court that any of Plaintiff's Complaints are deficient. It cannot be said, therefore, that Plaintiff has repeatedly failed to cure pleading deficiencies. Nor can the undersigned discern any prejudice that CRC or Mid-America would suffer from amendment at this time.

CRC's and Mid-America's remaining objections rest on their contentions that the proposed amendment is futile. Because "denying a motion for leave to amend on grounds that the proposed [pleading] is legally insufficient is, at least indirectly, a ruling on the merits" of the pleading, this Court has recognized the "conceptual difficulty presented" when a Magistrate Judge, who cannot by statute ordinarily rule on dispositive matters, is ruling on such a motion. *Jones v. Allen*, No. 2:11-CV-380, 2014 WL 12577014, at *2 (S.D. Ohio Dec. 8, 2014) (recognizing the "conceptual difficulty presented"); 28 U.S.C. § 636(b)(1)(A) ("[A] judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except a motion . . . to dismiss for failure to state a claim upon which relief can be granted . . . .").

In light of this procedural impediment, the Court concludes that the better course would be to permit Plaintiff to amend her Complaint with the understanding that Defendants are free to challenge the new pleading via a motion to dismiss. *See Jones*, 2014 WL 12577014, at *2 ("[I]t

3

is usually a sound exercise of discretion to permit [the claim or defense] to be pleaded and to allow its merits to be tested before the District Judge."); *Morse/Diesel, Inc. v. Fidelity & Deposit Co. of Md.*, 715 F. Supp. 578, 581 (S.D.N.Y. 1989) ("The trial court has the discretion to grant a party leave to amend a complaint, even where the amended pleading might ultimately be dismissed.").

In sum, for the reasons set forth above, Plaintiffs' Motion for Leave to File Second Amended Complaint (ECF No. 33) is **GRANTED**. The Clerk is **DIRECTED** to file on the docket Plaintiff's Second Amended Complaint, attached to her Motion as Exhibit 1 (ECF No. 33-1). The Clerk is further **DIRECTED** to **TERMINATE AS MOOT** CRC's Motion to Dismiss (ECF No. 24).

      **IT IS SO ORDERED.**

      /s/ *Chelsey M. Vascura*
      CHELSEY M. VASCURA
      UNITED STATES MAGISTRATE JUDGE