UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **Patricia Dadosky** | CASE NO.: 2:22-cv-02503 |
| *Plaintiff,* | JUDGE ALGENON L. MARBLEY |
| -vs.- | MAGISTRATE CHELSEY M. VASCURA |
| **Mid-America Conversion Services, LLC,** *et al.* | |
| *Defendants.* | |

**JOINT STIPULATION TO RESOLVE
ATTORNEY-CLIENT PRIVILEGE ISSUES**

Plaintiff Patricia Dadosky and Defendant Mid-America Conversion Services, LLC ("MCS") (collectively "Parties"), through counsel, jointly stipulate the following to resolve the issues as presented in the Parties' briefing, Docs. 62 through 65. The Parties hereby agree to the following:

1. Plaintiff hereby withdraws her briefing, Docs. 63 and 64.

2. MCS hereby withdraws its briefing, Docs. 62 and 65.

3. MCS hereby agrees to waive its objection regarding attorney-client privilege for the limited purpose of disclosing statements, discussions, notes, and other records of the meetings of MCS's Accommodations Review Committee (the "Committee"), as well as any related discussions that may have occurred between MCS General Counsel and Committee members arising out of regularly scheduled meetings strictly related to their duties on the Committee. MCS does not waive and will not produce any documents or records protected by the work product doctrine.

1

4. MCS does not waive attorney-client privilege for legal advice, if any, tangentially requested or given during Committee meetings related to "extraneous matters," meaning matters unrelated to MCS's Covid-19 vaccine mandate accommodation requests, the determinations of such accommodation requests, and any hardship analysis related to such accommodation requests.

5. Prior to resuming depositions of MCS personnel, MCS hereby agrees to produce to Plaintiff, unredacted except for any notes of legal advice related to extraneous matters, any and all notes and records of Committee meetings which were either withheld on the basis of attorney-client privilege or were produced with redactions, except for those documents protected by the work product doctrine. MCS shall produce a privilege log for any items produced with redactions or withheld on the basis of privilege including the work product doctrine. Plaintiff reserves the right to challenge MCS's further assertions of privilege, if any.

The Parties respectfully request the Court enter this Joint Stipulation to resolve the outstanding attorney-client privilege issues.

Dated: April 25, 2025                                   Respectfully submitted,

**MENDENHALL LAW GROUP**

*/s/ Brian Unger*                                       */s/ Mary Leigh Pirtle*
Warner Mendenhall (0070165)                             Mary Leigh Pirtle (TN BPR# 026659)*
Brian Unger (0096884)                                   Hunter K. Yoches (TN BPR# 036267)*
190 North Union Street, Suite 201                       Bass Berry & Sims PLC
Akron, Ohio 44304                                       21 Platform Way South, Suite 3500
330.535.9160; f 330.762.9743                            Nashville, TN 37203
Email: warner@warnermendenhall.com                      mpirtle@bassberry.com
       brian@warnermendenhall.com                       hunter.yoches@bassberry.com

*Attorneys for Plaintiff*                               *\* Admitted Pro Hac Vice*

        Jennifer A. L. Battle (0085761)
        Trial Attorney
        Carpenter Lipps & Leland LLP
        280 N. High Street, Suite 1300
        Columbus, Ohio 43215
        battle@carpenterlipps.com

        *Counsel for Defendant Mid-America Conversion Services, LLC*

\*\*\*

**SO ORDERED.**

_____
**JUDGE**

\*\*\*

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of April 2025 a copy of the foregoing was filed electronically. Notice of filing will be sent by operation of the Court's electronic filing system to all counsel of record in this action.

        */s/ Mary Leigh Pirtle*
        Mary Leigh Pirtle